IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:11-cv-07742-PAE |
| v. | § § | ECF CASE |
| PROFITSTARS INTL, CORP., a Texas corporation, and ULYSIS K. STARLING, an individual | § § § § § | |
| Defendants. | § § | |

## RECEIVER'S PROPOSED DISTRIBUTION PLAN

Kelly M. Crawford, as the court-appointed Receiver, submits his proposed distribution plan and in support thereof, respectfully shows the Court as follows:

1. In the *Receiver's Report Regarding Objections, and Response [Docket No. 33]* the Receiver provided the Court with the Receiver's claim recommendations for 182 pool participants that were not contested. The Receiver's claim recommendation was based upon the amount of net principal loss incurred by each pool participant claimant. The Receiver found that $1,154,227 is necessary to return the principal investment owing to the 182 pool participants.

2. In the *Receiver's Report Regarding Objections, and Response* the Receiver also provided the Court with objections filed by three pool participant claimants and one creditor, Gacrux Sociedad Anonima. The Receiver filed a Motion to Strike the Objection of Gacrux Sociedad Anonima to the Receiver's recommendation and the Receiver requested the Court to set a hearing to consider the four objections to the Receiver's recommendation.

3.  The Receiver currently has $1,730,900 in the receivership.[1]

4.  Subject to the Court ruling on the four objections to the Receiver's recommendations, the Receiver proposes that the monies in the receivership account be distributed in the following priority:

  A.  Accrued and unpaid administrative expenses of the receivership (which as of October 23, 2012 are approximately $17,532);

  B.  Estimated administrative expenses required to complete and close the receivership (currently estimated to be approximately $35,000);

  C.  Payment of the net principal loss of approved claimants who have not contested the Receiver's recommendation regarding their claim, which totals $1,154,227; and

  D.  Payment of the net principal loss incurred by Scott C. Bailey in the amount of $6,890, and the net principal loss incurred by John M. Slaga and his wife Gloria L. Slaga in the amount of $170,646 as recommended by the Receiver, but objected to by Mr. Bailey and Mr. and Mrs. Slaga.

5.  Payment of the foregoing will fully satisfy the administrative expenses of the receivership, fully reimburse each of the claimants for their net principal loss, and leave a surplus of approximately $346,605.[2]  The Receiver proposes that the surplus be distributed *pro rata to all*[3] pool participants who filed a claim with the Receiver based upon the total amount invested

---

[1] The Receiver initially recovered $1,770,327. In addition, there was $20,701 remaining in the ancillary receivership, CFTC v. Paragon, Case No. 1:11-cv-07740-PAE pending in this Court, that was transferred to this receivership. From the total amount of $1,791,028, the Receiver paid administrative fees and expenses approved by the Court in the amount of $60,128.

[2] The surplus will vary upon the amount of estimated administrative expenses to complete and close the receivership.

[3] The claimants include pool participants who had a net principal loss, had no principal loss, and who had no principal loss and received a profit.

as recommended by the Receiver. Of the pool participants who did not object to the Receiver's recommendations, the Receiver found that the total amount invested was $11,818,884. In addition, with respect to the three pool participants objecting to the Receiver's recommendation, the Receiver found that they collectively invested $589,271 ($150,000 invested by Scott C. Bailey, $381,000 invested by Mr. and Mrs. Slaga, and $58,271 invested by Donna Murrell). Thus, the total amount invested by pool participants who filed a claim with the Receiver, as found by the Receiver, is $12,408,155. If the $346,605.70 surplus is distributed on a *pro rata* basis to the pool participants who filed a claim with the Receiver based upon the total amount of their investment, each pool participant with an approved claim in the receivership would receive 2.79 percent of their investment.

6. In the Receiver's opinion, it is fair and equitable to distribute the surplus to all of the pool participants who filed a claim with the Receiver on a *pro rata* basis according to the amount of their investment because it provides each pool participant a small "profit" on their investment that is based proportionately on the amount invested. *See CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 2000) (upholding *pro rata* distribution plan despite one investor's claim to tracing specific gains and losses attributable to the trading on his investment). Based on the Receiver's investigation, the surplus that exists in the receivership is attributable to profits earned on the money invested prior to the receivership.

7. This distribution plan is based on the presumption that the Receiver's recommendation regarding the three objecting pool participants and the one objecting creditor is sustained. If the Receiver's recommendations are overruled in whole or in part, the distribution plan proposed by the Receiver will have to be modified.

8. The Receiver requests the Court to consider the proposed distribution plan at the same time it conducts a hearing on the objections to the Receiver's recommendations. Once the Court rules on the objections to the Receiver's recommendations and rules on the Receiver's distribution plan, the Receiver will be in a position to make distributions to approved Claimants in accordance with the Court's orders.

Respectfully submitted October 25, 2012.

                                           Respectfully submitted,

                                           **RECEIVER**

                                           */s/ Kelly M. Crawford*
                                           Kelly M. Crawford
                                           Texas State Bar No. 05030700

                                           Scheef & Stone, LLP
                                           500 North Akard Street, Suite 2700
                                           Dallas, Texas 75201
                                           Telephone: 214.706.4200
                                           Telecopier: 214.706.4242
                                           Kelly.Crawford@ScheefandStone.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on October 25, 2012 I conferred with Peter Haas, Esq., the attorney for the Plaintiff U.S. Commodity Futures Trading Commission regarding the Receiver's Proposed Distribution plan and the Commission does not oppose the relief requested by the Receiver.

                                           */s/ Kelly M. Crawford*
                                           **KELLY M. CRAWFORD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 25, 2012, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of New York, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Joseph Rosenberg
U.S. Commodity Futures Trading Commission
140 Broadway
New York, NY 10005
(646) 746-9765
Fax: (646) 746-9940
Email: jrosenberg@cftc.gov
*LEAD ATTORNEY*

Peter Martin Haas
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5377
Fax: (202)-418-5523
Email: phaas@cftc.gov
*PRO HAC VICE*

Danielle E. Karst
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
(202)-418-6158
Fax: (202)-418-5523
*PRO HAC VICE*

I further certify that on this same date, a true and correct copy of the foregoing was served, via U.S. First Class Mail, to the following non-ECF participants:

Ulysis K. Starling
18383 Gallery Drive #4304
Dallas, Texas 75252

ProfitStars Intl, Corp.
c/o Ulysis K. Starling
18383 Gallery Drive #4304
Dallas, Texas 75252

Scott C. Bailey
1152 Belcroft Ct.
Roanoke, VA  24018

John M. Slaga and Gloria L. Slaga
25898 Crocker Road
Columbia Station, OH 44028

Donna Murrell
8209 Brentwood Avenue
Lubbock, TX  79424

Gil Santamarina, Esq.
Attorney for Gacrux Sociedad Anonima
260 Madison Avenue, 17th Floor
New York, NY  10016

*/s/ Kelly M. Crawford*
**KELLY M. CRAWFORD**